IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA LEEB, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 2: 12-CV-1191 |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
|     Defendant. ) | |

MEMORANDUM and ORDER

Mitchell, M.J.

On August 22, 2012, Donna Leeb by her counsel, filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g) for review of the Commissioner's final determination disallowing her claim for Supplemental Security Income benefits under Sections 1614 and 1631 of the Act, as amended, 42 U.S.C. §1381 cf.  For the reasons set forth below, the defendant's motion for summary judgment will be granted; the plaintiff's motion for summary judgment will be denied and the decision of the Commissioner will be affirmed.

The instant application for Supplemental Security Income Benefits was filed on December 4, 2008 (R.118-125).  On March 2, 2009, benefits were denied (R. 64-73). On April 1, 2009 and December 14, 2009, the plaintiff requested a hearing (R.74-77) and pursuant to that request a hearing was held on January 5, 2011 (R.30-60).  In a decision filed on March 8, 2011, an Administrative Law Judge denied benefits (R.7-25), and on April 29, 2011, the plaintiff requested reconsideration of that determination (R.6).  On July 6, 2012, the Appeals Council affirmed the prior determination (R.1-3).  The instant complaint was filed on August 22, 2012.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act. Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Johnson v. Comm'r. 529 F.3d 198 (3d Cir.2008), and the court may not set aside a decision supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358 (3d Cir.1999)

The purpose of the Supplemental Security Income Program is to provide additional income to persons of limited resources who are aged, blind or disabled persons. 42 U.S.C. §1381; Chalmers v. Shalala, 23 F.3d 752 (3d Cir. 1994). To be eligible for such benefits, an individual's income must not exceed a certain established maximum and he/she must fulfill certain eligibility requirements.

As set forth in 20 C.F.R. § 416.905(a) disability is defined as:

> the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

In addition, a person will be considered disabled if he/she is

> (a) ... permanently and totally disabled as defined under a State plan approved under title XIV or XVI of the Social Security Act, as in effect for October 1972; (b) ... received aid under the State plan ... for the month of December 1973 and for at least one month prior to July 1973; and (c) ... continue[s] to be disabled as defined under the State plan.

20 C.F.R. § 416.907.

A physical or mental impairment is defined in 20 C.F.R. §416.908 as an:

> impairment [which] result[s] from anatomical, physiological, or psychological abnormalities which [are demonstrated] by medically acceptable clinical and laboratory diagnostic techniques.

For purposes of determining whether or not the plaintiff met the eligibility requirements, certain evidence was considered by the Commissioner.

At the hearing held on January 5, 2011, the plaintiff appeared with counsel (R.32) and testified that she was born on March 30, 1961 (R.35); that she completed high school (R.36) that she performed limited bookkeeping and tax work for which she earned about $500 (R.36-37) and that she is receiving public assistance (R.37).

The plaintiff also testified that she experiences lower back pain but can lift about ten pounds (R.39, 40); that she takes medication for pain (R.40); that she has difficulty interacting with supervisors and co-workers (R.41, 54); that she experiences daily panic attacks and has difficulty concentrating (R.41, 43); that she performs some household chores (R.45); that she experiences numbness in her hand (R.51); that she hears voices (R.52) and that she is sleepy (R.50).

At the hearing a vocational expert was called upon to testify (R.55-59). He summarized the plaintiff's past work as sedentary to medium exertional activity at the skilled to

unskilled level (R.55-56). When asked to assume an individual of the plaintiff's education, training and work experience who could lift twenty pounds occasionally and ten pounds frequently and had a work sit-stand option, the witness responded that there were a wide range of jobs such an individual could perform (R.56-57). However, if the individual had to be off-task for thirty minutes at random times due panic attacks, the witness responded that there were no jobs such an individual could perform (R.58-59).

In addition, certain other evidence was considered.

The plaintiff was hospitalized at the Butler Memorial Hospital from September 26, 2005 through September 27, 2007 for a hysterectomy and salpingo-oophorectomy (R.193-198).

The plaintiff received physical therapy for bilateral knee pain between March 14, 2006 and March 29, 2006 (R.199-202).

The plaintiff had a right carpal tunnel release performed on May 15, 2006 (R.205-206).

The plaintiff has hospitalized at Butler Memorial Hospital from June 4, 2006 through June 15, 2006 for chest pain (R.203-204).

The plaintiff attended occupational therapy between July 20, 2006 and August 7, 2006 (R.207-212).

The plaintiff had a colonoscopy, endoscopy and imaging performed between January 1, 2008 and February 8, 2008. No significant abnormalities were noted (R. 213-228).

During the period from November 15, 2005 through March 11, 2008, the plaintiff had a cholecystectomy, cholangiogram, meniscectomy and gastric bypass performed (R.229-245).

The plaintiff was hospitalized at Butler Memorial Hospital from June 16, 2008 through June 21, 2008 for elevated liver functions and abdominal pain. She was treated with medication (R.246-253).

The plaintiff saw her primary care physician between January 14, 2008 and August 27, 2008 for an upper respiratory infection and abdominal pain (R.267-300).

The plaintiff was treated at Tri Rivers Surgical Associates for knee surgery and follow-up between January 8, 2008 and October 14, 2008 (R.301-307).

The plaintiff was treated at Advance OB/GYM Associates between May 9, 2006 and November 7, 2008 for chronic interstitial cystitis. The only available oral medication was inappropriate for the plaintiff and for this reason her prognosis was deemed uncertain (R.308-324).

The plaintiff received treatment at Butler Memorial Hospital between 2004 and 2008 for uterine fibroids, a gallbladder mass, abdominal pain, left knee pain, left thumb fracture, an enlarged uterus, mild goiter, sleep apnea and lower back pain (R.441-554).

The plaintiff was treated at the West Penn Hospital gastric center between January 14, 2008 and December 19, 2008 for gastric pain (R.325-345).

The plaintiff participated in psychological therapy between February 7, 2006 and January 13, 2009 for anxiety and depression, in addition to the therapy, medication was prescribed and it was reported that she was making good progress (R.346-440).

In a residual mental capacity assessment completed on February 11, 2009, Douglas Schiller, Ph.D. indicated only non-significant to moderately limiting mental impairments. He also diagnosed an affective disorder marked by depression and a general anxiety disorder (R.556-572).

In a residual functional capacity assessment completed on February 27, 2009, it was noted that the plaintiff could occasionally lift twenty pounds, frequently lift ten pounds, stand or walk for at least two hours and sit for about six hours. The plaintiff's claims were found to be only partially credible and the limitations imposed were said to be moderate or less (R.573-578).

The plaintiff was treated at Tri Rivers Surgical center between April 9, 2010 and September 28, 2010 for right knee problems. The area was injected for pain management (R.584-586).

The plaintiff attended the Family Psychological Associates between February 7, 2006 and November 24, 2010 for treatment of her bipolar and anxiety disorder. It was reported that the plaintiff would have difficulty being gainfully employed (R. 587-595).

In a report of a psychiatric evaluation conducted on December 17, 2010, Dr. Robert Eisler diagnosed the plaintiff as having a severe obsessive compulsive disorder, a major depressive disorder with psychosis and generalized anxiety. It was concluded that the plaintiff would be unemployable for at least a year (R.586-598).

The plaintiff received treatment for neck and back pain between August 20, 2009 and January 14, 2011 (R.599-638).

Based on the evidence presented, the Commissioner determined:

The claimant filed two (2) prior applications for disability … No basis exists to reopen the prior applications, and the claimant's representative acknowledged at the hearing that no grounds for reopening exists. Therefore, the only period that is properly in issue is the period between September 26, 2008, and the date of this decision…

The claimant meets the insured status requirements of the Social Security Act through September 30, 2009...

The claimant has the following severe impairments: history of obesity with gastric bypass, biliary dyskinesia, interstitial cystitis, Hashimoto's thyroiditis, degenerative joint disease of the knees, back problems, major depressive disorder, obsessive-compulsive disorder, generalized anxiety disorder, and bipolar disorder…

With respect to the remainder of the claimant's physical impairments, the medical evidence in this case does not support a finding that she has impairments, considered singly or in combination, which meet or medically equal the requirements of any listed impairment. The claimant, through her representative, has not alleged that any of her impairments are of listing level severity, nor has she met the burden of presenting medical evidence that supports such a finding.

The claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04 and 12.06…

In activities of daily living, the claimant has mild restrictions. The claimant testified that she does not handle confrontation or criticism well, and felt that she would have a hard time interacting with a supervisor because of this. The claimant also testified that she experiences daily panic attacks when she is in crowds. However … this assertion is not supported by the objective medical evidence…

With regard to concentration, persistence or pace, the claimant has moderate difficulties... The claimant testified that she has difficulty concentrating and problems focusing…

As for episodes of decompensation, the claimant has experienced no episodes of decompensation, which have been of extended duration. There is no evidence that the claimant has ever been hospitalized as a result of her mental health condition.

Because the claimant's mental impairments do not cause at least two "marked" limitations or one "marked" limitation and "repeated" episodes of decompensation, each of extended duration, the "Paragraph B" criteria are not satisfied.

The undersigned has also considered whether the "paragraph C" criteria are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria. The evidence does not establish that the claimant has had repeated episodes of decompensation, each of extended duration, a residual disease

process that has resulted in such marginal adjustment that even a minimal increase of mental demands or change in the environment would be predicted to cause the individual to decompensation; or a current history of one (1) or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement. In addition, there is no evidence that the claimant's anxiety-related disorder has resulted in a complete inability to function independently outside the area of her home…

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work … The claimant can engage in no more than occasional postural maneuvers… The claimant is limited to no more than incidental interaction with coworkers and the public…

As for the claimant's mental health condition, the evidence reveals that the claimant was diagnosed in 2006 with major depressive disorder and generalized anxiety disorder, and has been treating with a therapist since that time …

Thereafter, the claimant began reporting manic symptoms … In May 2008, she reported a noticeable worsening of her mood, less energy and motivation. She further reported difficulty concentrating and handling stressors…. Following … adjustment in her medications, the claimant's progress notes once again indicate good progress. The claimant appeared to be coping better in spite of continued stressors … By December 2008, the claimant reported once again that she was doing well, handling her stressors well and making good progress… Thereafter, the claimant reported difficulty sleeping, and that she had gone on a shopping binge…

In November 2010, the claimant's therapist, Mr. Pastor wrote a letter stating that he had treated the claimant since 2006 for bipolar disorder and anxiety disorder. In the letter, Mr. Pastor indicates … her physical and psychological problems have taken a progressive toll on her professional life, and described her problems as "crippling" … Mr. Pastor further indicates that he cannot imagine any setting or situation in which the claimant would be able to be gainfully employed. Thereafter, he completed a form indicating that the claimant does not have the ability to relate to coworkers, deal with the public, interact with supervisors, deal with work stress, function independently, maintain attention and concentration, understand, remember and carry detailed or complex job instructions, behave in an emotionally stable manner, relate

>predictably in social situations, or demonstrate reliability. This opinion had worsened from Mr. Pastor's original opinion rendered in 2008, in which he indicated the claimant functional abilities were slightly better.
>
>After careful consideration, the undersigned has afforded this opinion no weight in this assessment…
>
>In December 2010, the claimant attended a psychiatric evaluation with Dr. Robert Eisler… Dr. Eisler concluded that the claimant is quite unemployable and will remain so for one (1) year.
>
>Dr. Eisler apparently [relies] quite heavily on the subjective report of symptoms and limitations provided by the claimant… This opinion has been afforded little weight in this assessment…
>
>As for opinion evidence, after reviewing the claimant's case, a State agency psychiatrist concluded that the claimant is able to meet the basic mental demands of competitive work on a sustained basis despite limitations resulting from her impairments. In the areas of functioning, the State agency psychiatrist determined that the claimant is mildly restricted in her activities of daily living, and moderately impaired in the areas of maintaining social function and maintaining concentration, persistence, or pace. Additionally, it was determined that the claimant had no episodes of decompensation. This opinion is given great weight in this assessment, as it is consistent with the totality of the evidence, including the residual functional capacity determined herein…
>
>Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform…
>
>The claimant has not been under a disability, as defined in the Social Security Act from January 27, 2005, through the date of this decision (R.10-24).

In reviewing the record, it is readily apparent that the evidence clearly demonstrates that the plaintiff is not disabled from gainful employment from a physical standpoint. However, her mental problems are more troublesome. Both of her treating therapists concluded that she could not be gainfully employed based on her representations to them. However, an independent expert

viewing the totally of the record concluded that the plaintiff was capable of engaging in gainful employ, and that her claims were exaggerated.  The resolution of issues of credibility rests with the Commissioner. Diaz v. Comm'r, 577 F.3d 500, 506 (3d Cir. 2009).  In resolving this issue, the Commissioner relied on the objective evidence and concluded that the plaintiff is not disabled.  This result is based on substantial evidence of record.

Summary judgment is appropriate where there are no material factual issues in dispute and the movant is entitled to judgment as a matter of law.  Lichtenstein v. U.P.M.C., 691 F.3d 294, 300 (3d Cir. 2012).  In the instant case, there are no material issues of fact in dispute and the determination of the Commissioner is supported by substantial evidence. Accordingly, the defendant's motion for summary judgment will be granted; the plaintiff's motion for summary judgment will be denied, and the decision of the Commissioner will be affirmed.

An appropriate Order will be entered.

ORDER

AND NOW, this 2nd day of April, 2013 for the reasons set forth in the foregoing Memorandum, IT IS ORDERED that the defendant's motion for summary judgment (ECF 16) is GRANTED; the plaintiff's motion for summary judgment (ECF 12) is DENIED and the decision of the Commissioner is AFFIRMED.

s/ Robert C. Mitchell
United States Magistrate Judge